John E. McOsker (SBN 169191)
E-mail: jmcosker@bwslaw.com
Rachel E. Balchum (SBN 303589)
E-mail: rbalchum@bwslaw.com
Brandon Ayersman (SBN 364681)
E-mail: bayersman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
PALAMERICAN SECURITY INC.;
PALAMERICAN SECURITY (Bay Area)
INC.; PALAMERICAN SECURITY
(California) INC.; and PALAMERICAN
SECURITY (Silicon Valley) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RIGAZIO and LOURINE MOORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PALAMERICAN SECURITY INC.; PALAMERICAN SECURITY (Bay Area) INC.; PALAMERICAN SECURITY (California) INC.; and PALAMERICAN SECURITY (Silicon Valley) INC.,<br><br>Defendants. | Case No. 5:26-cv-02292-SVK<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendants PalAmerican Security Inc., PalAmerican Security (Bay Area) Inc., PalAmerican Security (California) Inc., and PalAmerican Security (Silicon Valley) Inc. (collectively "Defendants"), by and through their attorneys, respond to the Class Action Complaint ("Complaint") of Plaintiffs Anthony Rigazio ("Plaintiff Rigazio") and Lourine Moore ("Plaintiff Moore") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, below.

/ / /

As an initial matter, Defendants deny any allegation that they in any way acted as joint employers, joint venturers, or collectively in any manner in respect to the employment or control of Plaintiffs and/or any members of the proposed class. Because Plaintiffs have treated Defendants collectively in the Complaint, Defendants hereby file this joint answer ("Answer") solely for the convenience of the Court and all parties, and do not waive any rights or admit to any allegations or assertions in doing so.

## INTRODUCTION

1. Defendants deny all violations of law set forth in Paragraph 1 of the Complaint and refer all questions of law to the Court.

2. Defendant PalAmerican Security (Bay Area) Inc. admits that it employed Plaintiff Rigazio as a non-exempt employee from October 2021 through December 2024. Defendant PalAmerican Security (California) Inc. admits that it has employed Plaintiff Moore as a non-exempt employee from August 2023 to present. Defendants deny that they collectively employ or employed Plaintiffs, or any proposed class member, and deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 3 of the Complaint and refer all questions of law to the Court.

4. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 4 of the Complaint and refer all questions of law to the Court.

5. Defendants deny all violations of law set forth in Paragraph 5 of the Complaint and deny Plaintiffs are entitled to the relief requested. Defendants refer all questions of law to the Court.

/ / /

/ / /

## JURISDICTION AND VENUE

6. Defendants refer all questions of law to the Court.

7. Defendants refer all questions of law to the Court.

## PARTIES

8. Defendant PalAmerican Security (Bay Area) Inc. admits that, upon information and belief, Plaintiff Rigazio is an individual over the age of eighteen. Defendant PalAmerican Security (California) Inc. admits that, upon information and belief, Plaintiff Moore is an individual over the age of eighteen. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 8. All Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendant PalAmerican Security (Bay Area) Inc. admits that it employed Plaintiff Rigazio as detailed further in Paragraph 2 of the Answer, above. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendant PalAmerican Security (California) Inc. admits that it employed Plaintiff Moore as detailed further in Paragraph 2 of the Answer, above. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant PalAmerican Security Inc. only admits that it is a Tennessee corporation, with a principal place of business in Florida, and registered to do business in the State of California. Defendant PalAmerican Security Inc. denies that it employs or employed Plaintiffs or any proposed Class member. The remaining Defendants

lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 11 of the Complaint. Defendants refer all questions of law to the Court.

12. Defendant PalAmerican Security (California) Inc. only admits that it is a Delaware corporation registered to do business in the State of California and employs individuals, including Plaintiff Moore, within California. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 12 of the Complaint. Defendants refer all questions of law to the Court.

13. Defendant PalAmerican Security (Bay Area) Inc. only admits that it is a Delaware corporation registered to do business in the State of California and employs individuals, including Plaintiff Rigazio, within California. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 13 of the Complaint. Defendants refer all questions of law to the Court.

14. Defendant PalAmerican Security (Silicon Valley) Inc. only admits that it is a Delaware corporation registered to do business in the State of California. Defendant PalAmerican Security (Silicon Valley) Inc. denies that it employs or employed Plaintiffs. The remaining Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 14 of the Complaint. Defendants refer all questions of law to the Court.

15. Denied.

16. To the extent Paragraph 16 of the Complaint refers to a written document, the document speaks for itself, and Defendants deny any assertions or allegations inconsistent with the written document. Defendants PalAmerican Security Inc. and PalAmerican Security (Bay Area) Inc. deny that they in any way jointly or collectively employed Plaintiffs or any member of the proposed class, or that PalAmerican Security Inc. exercised control over employees of any co-defendant.

Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 16 of the Complaint regarding Plaintiff Rigazio's wage statements and/or Notice to Employee. Defendants refer all questions of law to the Court.

17. To the extent Paragraph 17 of the Complaint refers to a written document, the document speaks for itself, and Defendants deny any assertions or allegations inconsistent with the written document. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants lack sufficient knowledge or information to form a belief as to the accuracy or truth of the allegations set forth in Paragraph 17 of the Complaint regarding Plaintiff Moore's wage statements and/or her complaints about employment. Defendants refer all questions of law to the Court.

18. To the extent Paragraph 18 of the Complaint refers to a written document, the document speaks for itself, and Defendants deny any assertions or allegations inconsistent with the written document. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 18 of the Complaint and refer all questions of law to the Court.

19. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 19 of the Complaint and refer all questions of law to the Court.

20. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 20 of the Complaint and refer all questions of law to the Court.

21. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 21 of the Complaint and refer all questions of law to the Court.

/ / /

22. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants admit only that they have done business in, and under the laws of, California. Defendant PalAmerican Security (Bay Area) Inc. admits that it employed Plaintiff Rigazio and Defendant PalAmerican Security (California) Inc. admits that it employs Plaintiff Moore. Defendants deny all violations of law set forth in Paragraph 22 of the Complaint and refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

23. Denied. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendants are separate corporate entities and do not act jointly or in concert in their business operations. Defendants admit that they each separately operate full-service security companies. Defendant PalAmerican Security (Bay Area) Inc. admits that it employed Plaintiff Rigazio and Defendant PalAmerican Security (California) Inc. admits that it employed Plaintiff Moore.

24. Denied. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendant PalAmerican Security (Bay Area) Inc. admits that it employed Plaintiff Rigazio, as detailed further in Paragraph 2 of the Answer, above.

25. Denied. Defendants deny that they collectively employ or employed Plaintiffs or any member of the proposed class. Defendant PalAmerican Security (California) Inc. admits that it employed Plaintiff Moore as detailed further in Paragraph 2 of the Answer, above.

26. Denied that Defendants collectively employ or employed Plaintiffs or any member of the proposed class. Defendant PalAmerican Security (Bay Area) Inc. admits that the named services are part of its business, and that Plaintiff Rigazio carried out relevant duties as a Security Guard. Defendant PalAmerican Security (California) Inc. admits that the named services are part of its business, and that

Plaintiff Moore carried out relevant duties as related to her employment.

27. Denied. Defendants do not collectively employ Plaintiffs or any other member of the proposed class, and do not collectively assign work schedules. Defendant PalAmerican Security (Bay Area) Inc. admits that is assigned Plaintiff Rigazio a work schedule, and that there were likely times during Plaintiff Rigazio's employment in which he worked more or less than his scheduled hours. Defendant PalAmerican Security (California) Inc. admits that is assigns Plaintiff Moore a work schedule, and that there are likely times during Plaintiff Moore's employment in which she has worked more or less than her scheduled hours.

28. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 28 of the Complaint and refer all questions of law to the Court.

29. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 29 of the Complaint and refer all questions of law to the Court.

30. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 30 of the Complaint and refer all questions of law to the Court.

31. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 31 of the Complaint and refer all questions of law to the Court.

32. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 32 of the Complaint and refer all questions of law to the Court.

33. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 33 of the Complaint and refer all questions of law to the Court.

/ / /

34. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 34 of the Complaint and refer all questions of law to the Court.

35. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 35 of the Complaint and refer all questions of law to the Court.

36. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 36 of the Complaint and refer all questions of law to the Court.

37. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 37 of the Complaint and refer all questions of law to the Court.

38. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 38 of the Complaint and refer all questions of law to the Court.

39. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 39 of the Complaint and refer all questions of law to the Court.

40. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 40 of the Complaint and refer all questions of law to the Court.

41. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 41 of the Complaint and refer all questions of law to the Court.

42. Denied, except that Defendant PalAmerican Security (California) Inc. admits that it employs Plaintiff Moore as detailed further in Paragraph 2 of the Answer, above. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph

42 of the Complaint and deny that Plaintiffs and/or any member of the proposed class are entitled to the relief requested. Defendants refer all questions of law to the Court.

43. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 43 of the Complaint and refer all questions of law to the Court.

44. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 44 of the Complaint and refer all questions of law to the Court.

45. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 45 of the Complaint and refer all questions of law to the Court.

46. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 46 of the Complaint and refer all questions of law to the Court.

47. Denied. Defendants do not collectively employ any member of the proposed class. Defendants further deny all violations of law set forth in Paragraph 47 of the Complaint and refer all questions of law to the Court.

48. Denied. Defendants do not collectively employ any member of the proposed class.

49. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 49 of the Complaint and refer all questions of law to the Court.

50. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 50 of the Complaint and refer all questions of law to the Court.

51. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 51 of the Complaint and refer all questions of law to the Court.

52. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 52 of the Complaint and refer all questions of law to the Court.

## CLASS ACTION ALLEGATIONS

53. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

54. Defendants deny that this case is properly brought as a class action and deny that Plaintiffs may properly represent the proposed class. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants refer all questions of law to the Court.

55. Defendants deny that this case is properly brought as a class action and deny that Plaintiffs may properly represent the proposed class. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants refer all questions of law to the Court.

a. Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

b. Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

i. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

ii. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

iii. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

iv. Defendants deny the allegations set forth in this Paragraph of the

Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

v. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

vi. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

vii. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

viii. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee any member of the proposed class, and refer all questions of law to the Court.

(a) Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

(b) Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

(c) Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

(d) Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

(e) Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

ix. Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

c. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee Plaintiffs and/or

any member of the proposed class, and refer all questions of law to the Court.

d. Defendants deny the allegations set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

e. Defendants deny the allegations set forth in this Paragraph of the Complaint, including that they collectively employee Plaintiffs and/or any member of the proposed class, and refer all questions of law to the Court.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint, including that they collectively employee Plaintiffs and/or any member of the proposed class, and refer all questions of law to the Court.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint, including that they collectively employee Plaintiffs and/or any member of the proposed class, and refer all questions of law to the Court.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint, including that they collectively employee Plaintiffs and/or any member of the proposed class, and refer all questions of law to the Court.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum Wages for All Hours Worked**

**Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

59. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

60. Defendants deny that they collectively employee Plaintiffs and/or any member of the proposed class, and refer all questions of law to the Court.

61. Defendants refer all questions of law to the Court.

62. Defendants refer all questions of law to the Court.

63. Defendants refer all questions of law to the Court.

64. Defendants refer all questions of law to the Court.

65. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 65 of the Complaint and refer all questions of law to the Court.

66. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 66 of the Complaint and refer all questions of law to the Court.

67. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 67 of the Complaint and refer all questions of law to the Court.

68. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 68 of the Complaint and refer all questions of law to the Court.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code § 510**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

69. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

70. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 70 of the Complaint and refer all questions of law to the Court.

71. Defendants refer all questions of law to the Court.

72. Defendants refer all questions of law to the Court.

73. Defendants refer all questions of law to the Court.

74. Defendants refer all questions of law to the Court.

75. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 75

of the Complaint and refer all questions of law to the Court.

76. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 76 of the Complaint and refer all questions of law to the Court.

77. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 77 of the Complaint and refer all questions of law to the Court.

78. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 78 of the Complaint and refer all questions of law to the Court.

**THIRD CAUSE OF ACTION**

**Failure to Provide and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

79. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

80. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 80 of the Complaint and refer all questions of law to the Court.

81. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 81 of the Complaint and refer all questions of law to the Court.

82. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 82 of the Complaint and refer all questions of law to the Court.

83. Defendants refer all questions of law to the Court.

84. Defendants refer all questions of law to the Court.

85. Defendants refer all questions of law to the Court.

86. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 86 of the Complaint and refer all questions of law to the Court.

87. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 87 of the Complaint and refer all questions of law to the Court.

88. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 88 of the Complaint and refer all questions of law to the Court.

89. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 89 of the Complaint and refer all questions of law to the Court.

## FOURTH CAUSE OF ACTION

**Failure to Authorize and Permit and/or or Make Available Rest Periods**

**Pursuant to Cal. Lab. Code § 226.7**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

90. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

91. Defendants refer all questions of law to the Court.

92. Defendants refer all questions of law to the Court.

93. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 93 of the Complaint and refer all questions of law to the Court.

94. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 94 of the Complaint and refer all questions of law to the Court.

95. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 95

of the Complaint and refer all questions of law to the Court.

96. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 96 of the Complaint and refer all questions of law to the Court.

97. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 97 of the Complaint and refer all questions of law to the Court.

## **FIFTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

**Pursuant to Cal. Lab. Code §§ 2800 and 2802**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

98. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

99. Defendants refer all questions of law to the Court.

100. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 100 of the Complaint and refer all questions of law to the Court.

101. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 101 of the Complaint and refer all questions of law to the Court.

102. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 102 of the Complaint and refer all questions of law to the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

## SIXTH CAUSE OF ACTION

**Failure to Provide Timely and Accurate Itemized Wage Statements Pursuant to Cal. Lab. Code §§ 226, 1174**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

103. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

104. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 104 of the Complaint and refer all questions of law to the Court.

105. Defendants refer all questions of law to the Court.

106. Defendants refer all questions of law to the Court.

107. Defendants refer all questions of law to the Court.

108. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 108 of the Complaint and refer all questions of law to the Court.

109. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 109 of the Complaint and refer all questions of law to the Court.

110. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 110 of the Complaint and refer all questions of law to the Court. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 110 of the Complaint.

111. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 111 of the Complaint and refer all questions of law to the Court.

112. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 112 of the Complaint and refer all

questions of law to the Court.

**SEVENTH CAUSE OF ACTION**

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(On Behalf of Plaintiffs and the Class Against Defendants)**

113. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

114. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 114 of the Complaint and refer all questions of law to the Court.

115. Defendants refer all questions of law to the Court.

116. Defendants refer all questions of law to the Court.

117. Defendants refer all questions of law to the Court.

118. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 118 of the Complaint and refer all questions of law to the Court.

119. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 119 of the Complaint and refer all questions of law to the Court.

120. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 120 of the Complaint and refer all questions of law to the Court. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 120 of the Complaint.

121. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 121 of the Complaint and refer all questions of law to the Court. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in

Paragraph 121 of the Complaint.

122. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 122 of the Complaint and refer all questions of law to the Court.

**EIGHTH CAUSE OF ACTION**

**Unlawful Business Practices**

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq***

**(On Behalf of Plaintiffs and the Class Against Defendants)**

123. Defendants repeat and reassert each and every answer in the Paragraphs above with the same force and effect as though fully set forth herein.

124. Defendants refer all questions of law to the Court.

125. Defendants refer all questions of law to the Court.

126. Defendants refer all questions of law to the Court.

127. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 127 of the Complaint and refer all questions of law to the Court.

a. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

b. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

c. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

d. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

e. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in this Paragraph of the Complaint and refer all questions of law to the Court.

128. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 128 of the Complaint and refer all questions of law to the Court.

129. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 129 of the Complaint and refer all questions of law to the Court.

130. Defendants refer all questions of law to the Court.

131. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 131 of the Complaint and refer all questions of law to the Court.

132. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 132 of the Complaint and refer all questions of law to the Court. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 132 of the Complaint.

133. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 133 of the Complaint and refer all questions of law to the Court.

134. Denied. Defendants do not collectively employ Plaintiffs or any member of the proposed class. Defendants deny all violations of law set forth in Paragraph 134

of the Complaint and refer all questions of law to the Court. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 134 of the Complaint.

135. Defendants deny that Plaintiffs and members of the proposed class are entitled to the relief requested in Paragraph 135 of the Complaint and refer all questions of law to the Court.

## PRAYER FOR RELIEF

Defendants object to the Prayer for Relief and deny that Plaintiffs and members of the proposed class are entitled to the relief requested and refer all questions of law to the Court.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiffs' demand for jury trial.

## AFFIRMATIVE DEFENSES

By way of further response, and as separate and distinct affirmative and other defenses, Defendants allege the following defenses against Plaintiffs' claims, and the claims of the alleged proposed class members. Defendants do not assume the burden of proof for any defenses or matters asserted below, which as a matter of law are Plaintiffs' burden to prove.

1. The claims alleged by Plaintiffs and/or the members of the proposed class are barred, in whole or in part, by prior releases of said claims.

2. The claims alleged by Plaintiffs and/or the members of the proposed class are barred, in whole or in part, by the first to file rule and/or because Plaintiffs' claims represent improper claims-splitting.

3. Defendants' actions, business practices, and representations are reasonable under all relevant federal and state regulations.

4. Plaintiffs and the members of the proposed class are unable to prove that Defendants in any way acted in concert, as a single entity, or as joint employers in any capacity.

5. Plaintiffs' claims, brought on behalf of themselves and the proposed members of the class as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

6. Plaintiffs cannot satisfy the prerequisites for collective or class certification or treatment for claims arising under PAGA or Federal Rule 23, and therefore cannot represent the interest of others. Plaintiffs are not adequate representatives of the proposed class, their claims are not typical or common claims of the proposed class members, and their claims are subject to unique facts (including their employers) and defenses. Common questions of law or fact do not predominate over any common issues and class treatment is not superior to other methods of handling the controversy. As such, class treatment is inappropriate, and certification of the proposed class would result in denial of due process against Defendants.

7. The claims alleged by Plaintiffs and/or the members of the proposed class are barred, or limited, by the applicable statutes of limitations. Further, the applicability of the statutes of limitations requires individualized determinations for each member of the purported class, thereby precluding class-wide resolution.

8. The claims alleged by Plaintiffs and/or the members of the proposed class are barred, or limited, by agreements, contracts, covenants, and/or other promises to the extent any individual and/or the unions or collective groups to which they are a member have agreed to arbitration or other forums for the resolution of their claims.

9. The proposed class should not be certified. However, in the event the class is certified as set forth in the Complaint Defendants specifically reserve the right to compel arbitration and/or any form of alternative dispute resolution as previously agreed to by any party and/or proposed class member. Defendants do not waive any rights to compel any agreed upon or mandated arbitration(s) or other alternative dispute resolution(s) against any party or potential class member, whether presently known or unknown to Defendants, and specifically reserve the right to do so.

10. The claims alleged by Plaintiffs and/or the members of the proposed class are barred, or limited, by their failure to exhaust applicable dispute resolution procedures and/or internal grievance procedures.

11. Defendants at all times acted in good faith and with reasonable grounds for believing that it had not violated California and/or federal law.

12. Plaintiffs' claims are barred because they have each "opted in" to the conditionally certified class in the matter *Stith-Morales v. PalAmerican Security*, presently pending in the United States District Court, Western District of Pennsylvania, Civil Action 2:24-cv-00776-DSC, seeking identical relief.

13. The claims alleged by Plaintiffs and/or the members of the proposed class as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

14. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiffs or the members of the proposed class as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiffs or members of the proposed class as set forth in the Complaint.

15. The Complaint, and each cause of action thereof, is barred – or the damages flowing there from reduced – because Plaintiffs and the members of the proposed class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

16. The Complaint fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

17. Any damages that Plaintiffs or the members of the proposed class as set forth in the Complaint could recover must be eliminated or reduced by their failure to mitigate damages.

/ / /

18. Plaintiffs and the members of the proposed class as set forth in the Complaint have failed to exhaust administrative processes implemented by Defendants to prevent uncompensated work and to resolve any alleged claims regarding uncompensated work without resort to litigation.

19. Plaintiffs' claims and those of the members of the proposed class as set forth in the Complaint are in whole or in part de minimis.

20. Plaintiffs' claims and those of the members of the proposed class as set forth in the Complaint, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive Due Process clauses of the state and federal Constitutions.

21. Plaintiffs' claims and those of the members of the proposed class as set forth in the Complaint, which seek the imposition of multiple penalties and/or exemplary damages for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of both federal and state Constitutions.

22. Plaintiffs and the members of the proposed class as set forth in the Complaint may not recover penalties pursuant to California law because they failed to comply with conditions precedent.

23. Plaintiffs are not entitled to have matters of law tried to a jury, and the Court should strike Plaintiffs' jury demand regarding matters of law.

24. Defendants expressly reserve the right to amend this Answer and to assert additional affirmative defenses, and to supplement, alter or change this Answer and Affirmative Defenses upon revelation of more definitive facts by Plaintiffs and/or upon Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants respectfully request that the Court:

f. Dismiss the Complaint in its entirety with prejudice;

g. Deny each and every demand, claim and prayer for relief contained in

the Complaint;

h. Award Defendants reimbursement for its costs incurred in defending this action; and

i. Grant such other and further relief as the Court may deem just and proper.

Dated: April 22, 2026 BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ John E. McOsker*
John E. McOsker
Rachel E. Balchum
Brandon Ayersman
Attorneys for Defendants
PALAMERICAN SECURITY INC.; PALAMERICAN SECURITY (Bay Area) INC.; PALAMERICAN SECURITY (California) INC.; and PALAMERICAN SECURITY (Silicon Valley) INC.