UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY RIGAZIO, et al.,
Plaintiffs,

v.

PALAMERICAN SECURITY INC., et al.,
Defendants.

Case No. 26-cv-02292-NW

**ORDER REMANDING CASE AND DENYING MOTION TO COMPEL ARBITRATION AS MOOT**

Re: ECF Nos. 1, 24

Defendants move to compel arbitration of Plaintiff Anthony Rigazio's claims against Defendant PalAmerican Security (Bay Area) Inc. ECF No. 24. Before the Court addresses Defendants' motion to compel arbitration, it must first address subject matter jurisdiction over the dispute. *See Slick v. CableCom, LLC*, No. 22-CV-03415-JSC, 2022 WL 4181003, at *1 (N.D. Cal. Sept. 12, 2022). Because the Court finds that Defendants have not established this Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the Court REMANDS the action to Santa Clara Superior Court, where it was originally filed.

**I. PROCEDURAL HISTORY**

Plaintiffs Anthony Rigazio and Louraine Moore bring this employment putative class action against Defendants PalAmerican Security, Inc. ("PAS"), PalAmerican Security (Bay Area) Inc. ("PAS Bay Area"), PalAmerican Security (California) Inc. ("PAS California"), and PalAmerican Security (Silicon Valley) Inc. ("PAS Silicon Valley") (collectively, "Defendants"). ECF No. 1-1 ("Complaint"). On February 9, 2026, Plaintiffs filed their original complaint in Santa Clara Superior Court alleging violations of the California Labor Code for failure to pay appropriate wages and provide meal and rest breaks, and a claim under the California Unfair Competition Law. *See* Complaint ¶¶ 59–135. Plaintiffs seek to represent a class of current and

United States District Court
Northern District of California

former hourly "security guards, patrol officers, fire watch and other workers with similar job duties" who have been employed by Defendants in the State of California for the time period beginning four years prior to the filing of the complaint until the resolution of the action. *Id.* ¶ 54.

On March 16, 2026, Defendants removed the action to this Court, on grounds that this Court may exercise jurisdiction under the Class Action Fairness Act ("CAFA"). ECF No. 1 ("Notice of Removal"); 28 U.S.C. §§ 1332(d). Defendants then moved to compel arbitration of Plaintiff Rigazio's claims against PAS Bay Area, arguing that his claims are subject to a collective bargaining agreement containing a mandatory arbitration provision, on June 15, 2026. ECF No. 24.

## II. DISCUSSION

The Court must address the jurisdictional question before it may consider Defendant's motion to compel arbitration. Under CAFA, a federal court has subject matter jurisdiction of a putative class action if the number of potential class members exceeds 100, the parties are citizens of different states, and the amount in controversy exceeds the aggregate value of $5,000,000. *See* 28 U.S.C. § 1332(d); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, [Section] 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.*; *see* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction").

Defendants' notice of removal states that removal under CAFA is proper because (1) "[a]fter a reasonable investigation and based on the allegations in the Complaint in the State Court Action," the proposed class exceeds 100 members; (2) "[m]inimal [d]iversity exists because Defendant PAS is a citizen of Tennessee and Florida" and the remaining parties are citizens of California; and (3) "[t]he amount in controversy exceeds $5,000,000 in the aggregate based on the proposed number of putative class members, the time period covered by the alleged claims, the nature of the alleged violations under the California Labor Code, the California Business and

Professional Code, the Industrial Welfare Commission Wage Orders and all other type of relief sought by the class." Notice of Removal, ¶ 11–13.

Here, Defendants' Notice of Removal does not offer any facts that plausibly establish that the amount in controversy exceeds the $5,000,000 CAFA threshold. Though Defendants' notice of removal list factors that likely play a role in determining the amount in controversy, Defendants do not offer any explanation as to how they arrived at the $5,000,000 estimate. And Plaintiffs' complaint does not provide a basis for the figure: the complaint alleges only that Plaintiff Rigazio was paid $21 per hour while employed by Defendants from approximately three years, that Plaintiff Moore has been employed by Defendants since August 2023 and is paid approximately $25.50, and that Plaintiffs and the class will seek damages for the deprived compensation, related civil penalties, and fees and costs in an amount to be determined at trial. Complaint ¶¶ 24–25; *see id.* ¶¶ 67, 77, 88, 96, 102, 111, 120–21, 132, 134 (alleging damages generally as to each claim). Without any indication of the hours for which Plaintiffs and the class allege they were under-compensated, there is no way to confirm whether the action even plausibly meets the CAFA threshold. Defendants' conclusory statement that the $5,000,000 CAFA threshold is met does not satisfy the Rule 8(a) pleading standard. Thus, the Court cannot and does not exercise jurisdiction under CAFA.

Accordingly, the action is REMANDED to Santa Clara County Superior Court.

## III. CONCLUSION

The Court REMANDS the action to Santa Clara Superior Court. Defendants' motion to compel arbitration is DISMISSED as moot. ECF No. 24. The Clerk is ORDERED to close the case.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Noël Wise
United States District Judge